IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN PFEFFERKORN, et al | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO. 17-cv-1223 |
| v. | ) |
| | ) Judge John Robert Blakey |
| PRIMESOURCE HEALTH GROUP, LLC; et al | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |

## ORDER APPROVING SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

The above-entitled matter came before the Court on the parties Joint Motion for Approval of Settlement, Service Award, and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law and exhibits (the "Memorandum"), and the Declaration of counsel for Plaintiffs, Christopher Wido, the Court grants the motion as stated in open court, and orders as follows:

### A. The Settlement Is Approved.

1. The Court approves the total settlement of $399,999.99 as a fair and reasonable resolution of a bona fide dispute. Courts approve Fair Labor Standards Act ("FLSA") settlements when they are reached as a result of arm's-length negotiations to resolve bona fide disputes. *See Beckman v. KeyBank*, N.A., 293 F.R.D. 467, 474 (S.D.N.Y. 2013) (citing cases); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *Butler v. Am. Cable &*

*Telephone, LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354. "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick,* 600 F.2d 70, 75 (7th Cir. 1979).

2. Here, the settlement meets the standard for approval. The settlement was the result of three years of highly contested litigation and substantial arm's-length negotiations over disputed issues between counsel well versed in wage and hour law. The total settlement amount of $399,999.99 provides nearly full compensation to Plaintiffs and those who have opted into this case. The gross settlement awards represent the recovery of 50-100 percent of owed overtime wages and that Plaintiffs and those who have opted into this case could obtain if they were to pursue and win this litigation on the merits. This is an excellent result in light of the risk that Plaintiffs could fail to maintain this case as a collective action proceeding and that Defendant could establish that any violation of the FLSA in this case was not willful or occurred in good faith, which would significantly reduce the potential recovery in this case. See *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)(willfulness must be shown in order for a three-year statute to apply; "the word "willful" refers to conduct that is "voluntary," "deliberate," or "intentional," and not merely negligent"); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 307 (7th Cir.1986)( Holding that the district court may choose not to award liquidated damages where the employer

shows that it acted in good faith with reasonable grounds to believe that its actions did not violate the FLSA).

## B. The Settlement Procedure Is Approved.

4. A one-step settlement approval process is appropriate for this FLSA overtime collective action. *See, e.g.*, *Furman v. At Home Stores LLC*, No. 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017); *Briggs v. PNC Financial Services Group, Inc.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Castillo v. Noodles & Co.*, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016); Collective actions under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), require workers to affirmatively opt-in to the litigation, unlike the opt-out procedure in Rule 23 class actions, and thus do not implicate due process concerns. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771 (7th Cir. 2013). Under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date." *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), abrogated on other grounds by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Thus, courts do not apply the exacting standards for approval of a class action settlement under Rule 23 to FLSA settlements. *See, e.g.*, *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013). There is no need to require that the settlement provide for opt-outs or objections where individuals are not part of the settlement unless they decide to participate in it. *See Prena*, 2015 WL 2344949, at *1.

## C. The Service Award Is Approved.

5. The service award of $1000.00 each to lead Plaintiffs Erin Pfefferkorn, Lottie Farver, Amy Parks, Komeka Thomas, and Cheryl McEwen, and of $2,000.00 to Plaintiffs Dyan Biehl, Ersula Gildon, and Gwendolyn Parker-Robinson in light of their travel for depositions is approved. Courts award service payments to named plaintiffs to reward them for their time and effort spent recovering money on behalf of class or collective action members and the risks they incur by filing a lawsuit in their own name. *See, e.g., Espenscheid*, 688 F.3d at 876-77. In determining whether a service award is reasonable, courts consider: "(1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012). Plaintiffs' request to each be awarded a $1,000.00 and $2,000.00 Service Awards is more than reasonable given that their efforts and actions resulted in the recovery of full back overtime wages and liquidated damages for all several other employees of Defendants who were alleged to be similarly-situated to Plaintiffs. Plaintiffs made this recovery possible by assisting Plaintiffs' Counsel in investigating the claims in this case, and filing this lawsuit in their own names, even as they remain employed by Defendants and feared being retaliated against. Courts in the Northern District of Illinois routinely award larger service payments to named plaintiffs who perform similar actions to recover settlement funds on behalf of similarly situated employees in collective actions. *Furman*, 2017 WL

4

1730995, at *3 (approving $10,000 service award to named plaintiff in overtime collective action); *Briggs*, 2016 WL 7018566, at *2 (approving $12,500 service awards to named plaintiff in overtime collective action); *Castillo*, 2016 WL 7451626, at *2 (approving $10,000 service awards to named plaintiff in overtime collective action); *Koszyk*, 2016 WL 5109196, at *2 (same). Further, the Court notes that in this case, the Service Awards are being paid separately from the settlement funds and thus will not deprive any opt-in from receiving the full benefit of the recovery.

D. **The Award Of Attorney's Fees And Reimbursement Of Litigation Costs Is Approved.**

6. The Court approves Plaintiffs' Counsel's award of $159,999.00 in attorney's fees, as provided for in the Settlement Agreement, as reasonable attorney's fees.

7. The Court further approves the reimbursement of cost in the matter of $8,292.32 for administrative costs, filing fees, deposition costs, and travel costs. The Court finds these costs are reasonably incurred and are regularly awarded by courts in the Northern District of Illinois. *See, e.g., Castillo*, 2016 WL 7451626, at *3-4; *Furman*, 2017 WL 1730995, at *3-4; *Briggs*, 2016 WL 7018566, at *3-4; *Koszyk*, 2016 WL 5109196, at *3-4.

8. Likewise, the excellent result Plaintiffs' Counsel achieved in this case supports the requested fee. The settlement provides for settlement payments to Plaintiffs (and those who opted into this case) that represents at least 50 percent of their owed wages plus an equal amount in liquidated damages. This is an above-average result. *Viceral v. Mistras Group, Inc.*, 2016 WL 5907869, at *7-8 (N.D. Cal. Oct. 11, 2016) (in class action for owed wages, settlement payment equal to

5

11.6% and 5.2% of estimated value of state and federal claims, respectively, fair and reasonable in light of strength and variability of claims and risk on merits.); *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010) (finding that a recovery of one-third of the owed wages for class members, before deducting attorneys' fees and costs, is "well above" average).

### E. Dismissal and Post-Judgment Procedure

9. This case is dismissed without prejudice. Absent reinstatement on or before 9/1/2021, the dismissal will convert to one with prejudice without further order of the Court.

*So ordered.*

Dated: March 10, 2020                  Entered:

_____
Judge John Robert Blakey
United States District Judge